26 C.C.P.A. (Patents)

## In re HOOVER.
### Patent Appeal No. 4125.

Court of Customs and Patent Appeals.
April 10, 1939.

Ely & Frye, of Akron, Ohio (Albert L. Ely and Bernard C. Frye, both of Akron, Ohio, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting, in view of the prior art, all of the claims, 14 and 15, of an application for a patent alleging certain new and useful improvements in Traction Wheel and Method.

The claims are as follows:

"14. A traction wheel comprising a resilient flexible walled tire having therein a single, circumferentially continuous an-

nular chamber, a quantity of liquid in the lower portion of said chamber to serve as ballast for weighting the tire and causing it to be distorted into a greater area of contact with the ground, and a quantity of gas under pressure in said chamber above said liquid to control the ground-engaging portion of said tire, to afford a resilient compression space above said liquid, and to impart stability to the tire, whereby the traction of said ground-engaging portion is increased, and the center of gravity of said wheel is lowered, without increasing the rotational inertia of said wheel.

"15. The method of increasing the traction of a wheel having a resilient flexible walled tire with a single circumferential continuous chamber therein, which method comprises introducing into the lower part of said chamber a liquid to increase the weight on said wheel, and introducing into said chamber above said liquid a gas under pressure to allow compressibility of said tire, causing said flexible walled tire to be flattened into a greater area of ground contact, and increasing the pressure in the lower portion of the tire by the hydrostatic head on the liquid, whereby the tire pressure may be lowered without decreasing the pressure on the ground-engaging area of the tire."

The references are: Owen, 497,965, May 23, 1893; Grenouillon (French), 470,-647, June 20, 1914.

The statement of the examiner sets out the subject matter of the structure as follows: "Applicant's device relates to a traction wheel having thereon a flexible tire with an annular chamber which contains a quantity of liquid to serve as a ballast for weighting the tire and causing it to be distorted into a greater area of contact with the ground, and air under pressure above the liquid in order to obtain a determinate internal pressure in the tire. It is noted that applicant lays no claim to any novelty in the tire structure."

The patent to Owen relates to tires for bicycles and other vehicles and discloses a tire including circumferential compartments in alignment with the walls of the tire, one or several of which compartments contain water and one or others of which contain air.

The Grenouillon patent relates to a hydro-pneumatic tire for wheels of all types of vehicles and discloses a pneumatic tire partially filled with liquid, which may be water or water admixed with one or more products, and partially filled with gas, which may be air, either in the free state or under pressure.

The examiner rejected the appealed claims as unpatentable over the Grenouillon or the Owen references, and the Board of Appeals agreed with the grounds of rejection stated by the examiner.

■ The Grenouillon patent does not disclose any inner tube which is filled with air and water and appellant contends that because of this fact the tribunals below erred in rejecting the appealed claims upon said reference. Since inner tubes are not claimed in the appealed claims although the application of appellant discloses one, we must disagree with this contention. Even though the disclosure of the application can support this limitation, since the limitation is not contained in the appealed claims it need not be considered. McCarty v. Lehigh Valley Railroad Co., 160 U.S. 110, 16 S.Ct. 240, 40 L.Ed. 358; In re Krichbaum, 39 F.2d 280, 17 C.C.P.A.Patents, 979; In re Stern, 40 F.2d 1000, 17 C.C.P.A., Patents, 1234; In re Wait, 83 F.2d 696, 23 C.C.P.A., Patents, 1172; In re Crowell, 84 F.2d 206, 23 C.C.P.A., Patents, 1246.

■ We agree with appellant, as did the tribunals below, that the pneumatic tires of the references, containing air and water, are used for a different purpose than the purpose of appellant, but even though we assume that appellant may have found a new property or result from the use of the Grenouillon structure, which result was not described in the said patent, this does not, as appellant contends it does, entitle him to the allowance of his claims. In re Newton et al., 96 F.2d 291, 25 C.C.P.A., Patents, 1106. Patentability must be found in the structure or the method rather than in the result or function. In the case of In re Schwartz et al., 82 F.2d 616, 618, 23 C.C.P.A., Patents, 1042, this court said: "We have no doubt but that, by their method and apparatus, appellants obtain the results claimed by them. However, it is the method or apparatus not the results obtained, which may be patented."

■ In view of what we have heretofore said in this opinion we can see no patentable distinction between the claims on appeal and the disclosure of Grenouillon because in both the chamber of the tire is filled with fluid and gas; when at rest the fluid must fill the lower part of the chamber in the tires of both the patent and the

application; that the tires in both patent and application must revolve when in operation and the fact that the tire of appellant moves at less speed than the speed intended in the patent makes no difference as far as the structure is concerned. The claims do not specify a moving tire but we do not think this is important.

While the Grenouillon patent does not in so many words state that the water or fluid in the tire occupies the lower portion of the tire when the vehicle is at rest, we agree with the tribunals below that this physical fact is inherent and self evident.

Therefore, we cannot agree that appellant's contention, namely, that a foreign patent can only be given weight according to the matters therein clearly disclosed, is applicable here for the reason that the difference in specific gravity between the air and the water in the Grenouillon patent does not have to be disclosed in so many words.

We, therefore, hold that the structure defined in claim 14 is old in view of the prior art, as definitely shown in the Grenouillon patent.

While claim 15 is a method claim, no division has been required and it is considered as being merely a different aspect of the same subject matter and the same reasons for rejection are applicable.

For the foregoing reasons the decision of the Board of Appeals is affirmed.

Affirmed.

26 C.C.P.A. (Patents)

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

